UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. _____

JUNIOR JOSEPH, and other similarly )
situated individuals, )
 )
        Plaintiffs, )
 )
v. )
 )
SELECT MEDICAL CLINIC INC.; )
SELECT MEDICAL RESEARCH CENTER, )
L.L.C.; CARMELO MADDY; and ROSE )
AUGUSTIN, )
 )
        Defendants. )

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiffs, JUNIOR JOSEPH ("Plaintiff") and other similarly situated individuals, sue the Defendants, SELECT MEDICAL CLINIC INC., SELECT MEDICAL RESEARCH CENTER, L.L.C., CARMELO MADDY and ROSE AUGUSTIN (collectively the "Defendants") and allege:

### JURISDICTION

1. This is an action to recover money damages for unpaid minimum and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

### VENUE

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. SELECT MEDICAL CLINIC INC., SELECT MEDICAL RESEARCH CENTER, L.L.C. (the "Corporate Defendants"), CARMELO MADDY and ROSE AUGUSTIN (the "Individual Defendants"), are Florida companies and Florida residents, respectively, having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendants, upon information and belief, reside in Miami-Dade County, Florida.

4. Corporate Defendants are enterprises owned and controlled by the Individual Defendants.

5. Corporate Defendants are under the administration and common control of the Individual Defendants.

6. Corporate Defendants are entities engaged in related activities, which perform through a unified operation, with a common ownership, with a common business purpose, under the common control and administration of the Individual Defendants.

7. Corporate Defendants share offices, employees, and management.

8. Corporate Defendants share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations. The Corporate Defendants are an integrated enterprise. Alternatively, each company is a covered enterprise under the Act.

9. Corporate Defendants share employees or interchange employees, work in the direct interest of one another, and their employees are in the common control of both companies. Corporate Defendants are joint employers. Alternatively, each company is a covered enterprise under the Act.

**COUNT I: WAGE AND HOUR VIOLATION BY THE CORPORATE DEFENDANTS (MINIMUM WAGE AND OVERTIME)**

10. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-9 above as if set out in full herein.

11. This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendants unpaid minimum wages and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq.

12. 29 U.S.C. § 207(a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

13. 29 U.S.C. § 206(a)(1) states: "... an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." On July 24, 2007, the federal minimum wage was raised to $5.85/hr. On July 24, 2008, the federal minimum wage was raised to $6.55/hr. On July 24, 2009, the federal minimum wage was raised to $7.25/hr.

14. The Act provides minimum standards that may be exceeded, but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. § 541.4.

15. In Florida, the minimum wage from January 1, 2014, through December 31, 2014, was $7.93 per hour. In 2015 and in 2016, the minimum wage was $8.05 per hour. In 2017, the minimum wage is $8.10 per hour.

16. The Corporate Defendants must comply with Florida law, which establishes a higher minimum wage.

17. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendants operate as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Corporate Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to their employees. Upon information and belief, the annual gross revenue of the Corporate Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

18. By reason of the foregoing, the Corporate Defendants are and were, during all times hereafter mentioned, enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for the Corporate Defendants. The Corporate Defendants' business activities involve those to which the Act applies. The Corporate Defendants operate a medical clinic and related activities of a medical clinic and, through their business activity, affect interstate commerce. The Plaintiff's work for the Corporate Defendants likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendants as a Clinic Assistant/clerk/driver for the Corporate Defendants' business.

19. While employed by the Corporate Defendants, Plaintiff worked approximately an average of 55 hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed. Plaintiff was employed as a Clinic Assistant/clerk/driver performing the same or similar duties as that of those other similarly situated Clinic Assistants/clerks/drivers whom Plaintiff observed working in excess of 40 hours per week without proper minimum wage or overtime compensation.

20. Plaintiff worked for the Corporate Defendants from approximately 2011 to 01/19/2017. In total, Plaintiff worked approximately 153 compensable weeks under the Act, or 153 compensable weeks if we count 3 years back from the filing of the instant action.

21. The Corporate Defendants paid Plaintiff on average approximately $300- $350 per week.

22. However, the Corporate Defendants did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week. In addition, the Corporate Defendants did not pay all of Plaintiff's minimum wages.

23. Plaintiff seeks to recover unpaid overtime and minimum wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

24. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of his unpaid overtime and minimum wages is as follows:

    a. **Minimum Wages Damages: $27,852 (approximately)**

        i. 2014 (46 weeks)

            a. <u>Calculation</u>: Approximately $350/55 = $6.36 (hourly pay) - $7.93 = $1.57 x 55 x 46 = $3,972.10

ii. 2015 (52 weeks)

   a. <u>Calculation</u>: Approximately $350/55 = $6.36 (hourly pay) - $8.05 = $1.69 x 55 x 52 = $4,833.40

iii. 2016 (52 weeks)

   a. <u>Calculation</u>: Approximately $350/55 = $6.36 (hourly pay) - $8.05 = $1.69 x 55 x 52 = $4,833.40

iv. 2017 (3 weeks)

   a. <u>Calculation</u>: Approximately $350/55 = $6.36 (hourly pay) - $8.10 = $1.74 x 55 x 3 = $287.10

v. <u>Liquidated Damages</u>: $13,926

b. **Overtime Damages: $18,394.20 (approximately)**

   a. 2014 (46 weeks)

      i. <u>Calculation</u>: $7.93 x .5 x 15 x 46 = $2,735.85

   b. 2015 (52 weeks)

      i. <u>Calculation</u>: $8.05 x .5 x 15 x 52 = $3,139.50

   c. 2016 (52 weeks)

      i. <u>Calculation</u>: $8.05 x .5 x 15 x 52 = $3,139.50

   d. 2017 (3 weeks)

      i. <u>Calculation</u>: $8.10 x .5 x 15 x 3 = $182.25

**TOTAL DAMAGES:** $46,246.20 PLUS REASONABLE ATTORNEYS' FEES AND COSTS.

25. At all times material hereto, the Corporate Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those

similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act, or to pay them the correct minimum wage. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendants who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendants and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

26. The Corporate Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and those similarly situated these overtime and minimum wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendants never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

27. The Corporate Defendants willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

28. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Corporate Defendants on the basis of the Corporate Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief, as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT II: WAGE AND HOUR VIOLATION BY CARMELO MADDY and ROSE AUGUSTIN

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 above as if set out in full herein.

30. At the times mentioned, the Individual Defendants were, and are now, the officers/directors/managers of the Corporate Defendants. The Individual Defendants are each an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that each of these Individual Defendants acted directly or indirectly in the interests of the Corporate Defendants in relation to the employees of the Corporate Defendants, including Plaintiff and others similarly situated. The Individual Defendants had operational control of the Corporate Defendants, was involved in the day-to-day functions of the Corporate Defendants, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages.

31. The Individual Defendants are and were at all times relevant persons in control of the Corporate Defendants' financial affairs and can cause the Corporate Defendants to compensate (or not to compensate) their employees in accordance with the Act.

32. The Individual Defendants willfully and intentionally caused Plaintiff not to receive all of his minimum wages and overtime compensation as required by the laws of the United States as set forth above and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

33. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Individual Defendants on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief, as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: February 21, 2017.

Respectfully submitted,

By:   /s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile:  (888) 270-5549